**TOLEDO TV CABLE CO., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**NEWPORT TV CABLE CO., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 71-2356.

United States Court of Appeals, Ninth Circuit.

Aug. 1, 1973.

James H. Clarke (argued), John H. Doran, George L. Kirklin, of McColloch, Dezendorf & Lubersky, Portland, Or., for petitioner.

Stephen Schwartz (argued), Scott P. Crampton, Asst. Atty. Gen., K. Martin Worthy, IRS Chief Counsel, Meyer T. Rothwacks, Bennet N. Hollander, William K. Hogan, Tax Div., Dept. of Justice, Washington, D. C., for respondent.

Before HASTIE,* MERRILL, and ELY, Circuit Judges.

OPINION

PER CURIAM:

In these consolidated appeals, the petitioning taxpayers challenge the Tax Court's conclusion that two municipal franchises for community antenna television could not qualify for depreciation deductions under Section 167(a) of the Internal Revenue Code of 1954. We need not review the facts inasmuch as they are carefully set forth in the Tax Court's Opinion, reported at 55 T.C. 1107.

The rule is that assets such as those here involved must be shown to have a determinable useful life in order to qualify as depreciable property. Since the franchises originally acquired by the taxpayers were renewed, prior to their expiration on terms not grossly disparate to those embodied in the original franchise contracts, the Tax Court held that the taxpayers had not, and could not, establish that the original franchises had a determinable useful life.

The critical issue in a case such as this is factual. The Tax Court based its critical findings upon a stipulation of the parties and extensive evidence, both documentary and testimonial. While we recognize that the issue was not capable of easy resolution,[1] we are not persuaded that the Tax Court's dispositive factual findings were without substantial evidentiary support and, thus, clearly erroneous. Accordingly, the Tax Court's decisions in these cases should be, and they hereby are,

Affirmed.

---

* The Honorable William H. Hastie, Senior United States Circuit Judge of the Third Circuit, sitting by designation.

1. Two of the Tax Court's judges noted, without explanation, their dissent from the majority decisions issued by their colleagues.